# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D21-0837
_____

KIMBERLEY MCQUEARY,

    Appellant,

    v.

FLORIDA DEPARTMENT OF
HEALTH, STATE OF FLORIDA
BOARD OF NURSING,

    Appellee.

_____

On appeal from the Department of Health, Board of Nursing.
Deborah McKeen, Chair.

September 21, 2022

PER CURIAM.

Appellant challenges a final order by Florida Board of Nursing ("the Board") revoking her state nursing license.

In 2017, the Louisiana Board of Nursing suspended Appellant's Louisiana nursing license for violating patient confidentiality.[*] In 2018, the Florida Department of Health ("the Department") filed a complaint and an amended complaint against Appellant, alleging that she violated section 464.018(1)(b), Florida Statutes (2017), by having her license to practice nursing

_____

[*] The facts are not in dispute.

suspended in Louisiana. After an informal hearing, which Appellant did not attend, the Board issued its final order permanently revoking Appellant's license to practice as a registered nurse. The order cited Appellant's violation of a patient's confidentiality as an aggravating factor. The Department did not charge the violation as an aggravating factor.

Appellant argues she was denied due process when the Department failed to notify her of the allegation of a violation of patient confidentiality. We agree.

Each practice board must adopt "disciplinary guidelines applicable to each ground for disciplinary action which may be imposed by the board . . . ." § 456.079(1), Fla. Stat. These guidelines "provide reasonable and meaningful notice to the public of likely penalties which may be imposed for proscribed conduct . . . ." § 456.079(2), Fla. Stat. To impose a penalty above a guideline for a particular violation, a board must make a "specific finding in the final order of . . . aggravating circumstances." § 456.079(3), Fla. Stat. The board must "adopt by rule disciplinary guidelines to designate possible mitigating and aggravating circumstances and the variation and range of penalties permitted for such circumstances." *Id.*

One act that can be a basis for disciplinary action is having a license to practice nursing revoked or suspended "by the licensing authority of another state . . . ." § 464.018(1)(b), Fla. Stat. (2017). At the time that Appellant's license was suspended in Louisiana, the applicable disciplinary guideline for this offense was a "letter of concern" at the low end and the "same penalty as penalty imposed in other jurisdiction" at the high end. Fla. Admin. Code R. 64B9-8.006(3)(b) (2017).

Another basis for disciplinary action is "unprofessional conduct, as defined by board rule." § 464.018(1)(h), Fla. Stat. (2016). The Board of Nursing defined "unprofessional conduct" to include "[v]iolating the confidentiality of information or knowledge concerning a patient." Fla. Admin. Code R. 64B9-8.005(7) (2014). The disciplinary guideline in effect at the time of the Appellant's offending conduct set the low end at a reprimand, a $250 fine, and continuing education; the high end was set at a $500 fine and probation. Fla. Admin. Code R. 64B9-8.006(3)(f)3. (2012). In 2020,

several years after Appellant's offending conduct and her suspension, the Board changed the maximum penalty for this type of unprofessional conduct to revocation. *Id.* R. 64B9-8.006(3)(f)2. (2020).

The Board adopted the following non-exhaustive list of circumstances "which may be considered for purposes of mitigation or aggravation of penalty":

1. The danger to the public.

2. Previous disciplinary action against the licensee in this or any other jurisdiction.

3. The length of time the licensee has practiced.

4. The actual damage, physical or otherwise, caused by the violation.

5. The deterrent effect of the penalty imposed.

6. Any efforts at rehabilitation.

7. Attempts by the licensee to correct or stop violations, or refusal by the licensee to correct or stop violations.

8. Cost of treatment.

9. Financial hardship.

10. Cost of disciplinary proceedings.

Fla. Admin. Code R. 64B9-8.006(5)(b) (2012). By the Board's own rules, it "shall be entitled to deviate from the foregoing guidelines *upon a showing of aggravating . . . circumstances by clear and convincing evidence,* presented to the Board prior to the imposition of a final penalty at informal hearing." *Id.* R. 64B9-8.006(5)(a) (emphasis added).

Appellant asked for a formal hearing in the Division of Administrative Hearings. At the Department's suggestion that there were no facts in dispute, the Administrative Law Judge

3

("ALJ") relinquished jurisdiction to the Board for an informal hearing. In the relinquishment order, the ALJ tellingly observed:

> Whether the facts that [McQueary] wants to dispute are material *in this proceeding* depends on the factual allegations in the Amended Complaint. The framework and scope of this proceeding is set by the Amended Complaint. Just as [the Department] could not attempt to discipline [McQueary] in this proceeding based on additional facts not alleged in the Amended Complaint or *additional violations not charged in the Amended Complaint*, so too [McQueary] cannot inject in this proceeding any factual matters that are not within the framework of the allegations and charges in the Amended Complaint.

(second emphasis supplied).

The amended administrative complaint charged Appellant with violating only section 464.018(1)(b), based on her license having been suspended in Louisiana. After the ALJ's relinquishment, the Department moved the Board for an informal hearing with no material facts in dispute. The Department prayed that the Board "enter a Final Order imposing whatever discipline upon [McQueary's] license *that the Board deems appropriate*" but only "after allowing [McQueary] the opportunity to present oral and/or written evidence in mitigation of the Administrative Complaint" (emphasis added). Meanwhile, the Department informed Appellant prior to the hearing that the facts alleged in the complaint were uncontested and that she could not contest them at the informal hearing. The Department told Appellant that she would be limited "to legal argument, if any, and to matters in mitigation or extenuation." The notice of hearing that the Department then sent to her explained, in bold type, that she would have an "**opportunity to address the Board, but attendance is not mandatory**."

Appellant did not attend the informal hearing. After the Board adopted the findings and legal conclusions in the amended administrative complaint, the Department recommended revocation as a penalty. The Board approved revocation.

4

The Board and the Department engaged in a game of bait-and-switch. The Department provided no notice to Appellant of its intent to seek revocation, and its communications had the effect of lulling her into complacency. More egregious than this, there was no mention in the amended complaint of an alleged violation of section 464.018(1)(h), pertaining to "unprofessional conduct." In essence, though, the Board punished Appellant for this uncharged violation.

While the list of aggravating factors in Florida Administrative Code Rule 64B9-8.006(5)(b) is non-exhaustive, the Board cannot purport to use the violation of an entirely separate basis for discipline as an aggravator, and then punish based on that uncharged violation. To allow this approach would be to obviate the due process requirement of notice before depriving a person of a property interest. *See Rucker v. City of Ocala*, 684 So. 2d 836, 840–41 (Fla. 1st DCA 1996) (explaining that a property interest implicates due process protections, including notice and an opportunity to be heard). The Department effectively obtained the Board's determination of a violation of one statutory provision, and then sought a penalty under another statutory provision. We note as well that the Department made no showing by evidence of any aggravating circumstances. It cannot claim that there are no disputed issues of fact with respect to the complaint, to avoid a presentation of evidence in a formal hearing, advise Appellant that there is nothing to dispute in the amended administrative complaint, and then rely exclusively on those allegations as "clear and convincing evidence" of an aggravating factor. The Board's own rule requires a separate evidentiary showing during the penalty phase. Fla. Admin. Code. R. 64B9-8.006(5)(a).

Moreover, the Department did not even rely on the correct guideline for the uncharged violation, which would have been the 2012 version that set a $500 fine and probation as the maximum allowable penalty. *See* Fla. Admin. Code R. 64B9-8.006(3)(f)3. (2012).

Finally, even if the Board could proceed with the uncharged violation of section 464.018(1)(h), it still failed to consider the requirement in section 456.072(3)(b), Florida Statutes (2016), which states as follows: "[I]f the ground for disciplinary action is

5

the first-time violation of a practice act for unprofessional conduct, as used in [section] 464.018(1)(h) . . . and no actual harm to the patient occurred, the board . . . shall issue a citation in accordance with [section] 456.077 and assess a penalty as determined by rule of the board . . . ." This means that whether there was "actual harm to the patient" was an issue of fact that should have been determined by the ALJ.

We set aside the Board's revocation and remand for further proceedings, because "[t]he fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure." § 120.68(7)(c), Fla. Stat. Put more simply, the Board failed to afford Appellant the process due to her—including proper notice—before depriving her of a property interest.

REVERSE and REMAND.

B.L. THOMAS, NORDBY, and TANENBAUM, JJ., concur.

––––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––––

Kimberley McQueary, pro se, Appellant.

Sarah Young Hodges, Chief Appellate Counsel of Florida Department of Health Prosecution Services Unit, Tallahassee, for Appellee.